STATE OF IOWA, Appellee, v. BERYL BOGUE, Appellant.

**SEDUCTION: Elements—Jury Question.** Protestations by an accused
1   of love for the prosecutrix and association as lovers may present
a jury question on the issue of seductive arts, even though the
parties were never engaged to be married.

**SEDUCTION: Corroboration—Degree.** Testimony by defendant to the
2   effect that he had had illicit relations with prosecutrix furnishes
ample corroboration, even though he denies all seductive arts.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 13, 1923.

Rehearing Denied May 16, 1924.

Prosecution for seduction. There was a plea of not guilty. The jury rendered a verdict of guilty, and sentence was pronounced thereon. The defendant has appealed.—*Affirmed.*

*Wilson & Shaw* and *Miller, Kelly, Shuttleworth & McManus,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Herbert A. Huff,* Assistant Attorney-general, for appellee.

Evans, J.—The indictment charges the defendant with the crime of seduction, committed on Beulah Hitchcock on March 20, 1921. At the time of the alleged offense, the prosecutrix was 18 years of age, and the defendant was 5 years older. Both were pupils of one of the Des Moines high schools. The principal proposition argued by the appellant is that a verdict should have been directed in his favor, on the ground that the evidence failed to show that he was guilty of the crime charged. The defendant was a witness in his own behalf, and admitted illicit relations between himself and the prosecutrix. His denial of guilt is predicated upon the claim that seductive arts were not proved. His argument is predicated largely upon the following quotation from the evidence of the prosecutrix:

1. SEDUCTION: elements: jury question.

"The defendant and I were never engaged to be married. He never took me to any shows. He never bought me any candy. He never gave me any flowers. He never took me to church. He never made me any presents of any kind."

The prosecution responds to this argument with the amended abstract, which contains the following:

"During the time I was keeping company with him, the year prior to March 20, 1921, he said that he loved me. He loved me, and told me so. He kissed me, and he had his arms around me. This commenced from soon after he started going with me, and it continued during the year prior to March 20, 1921. I was with him about every day at school."

The social relations between these two persons began in March, 1920. At that time, the defendant began to pay atten-

tion to the prosecutrix. He accompanied her to a high-school play. He also accompanied her to one or two other functions. He called on her at her home, and took her riding a number of times. His contention is that his relations with the prosecutrix were illicit from the beginning, and that illicit acts had been committed frequently prior to March 20, 1921. According to her testimony, the first illicit act between them occurred on March 20, 1921. She testified that he had made improper advances to her previously, which she had rejected. He concedes that she repulsed him on one or two occasions.

What constitutes seductive arts in a given case is largely a question of fact, rather than a question of law. The law does not specify them in detail. They are as varied and multitudinous as the cases in which they occur. They have not been standardized. We deem it clear that the evidence in this case made a question for the jury.

It is urged that there is no corroboration of the testimony of the prosecutrix on this question of seductive arts, and that, therefore, the prosecution must fail. There is no statutory requirement that the prosecutrix must be corroborated on every issue in the case. It is required that there be corroborating evidence "tending to connect the defendant with the commission of the offense" charged. Code Section 5488. The evidence of the prosecutrix tends to show the commission of the crime of seduction. The defendant's evidence is ample corroboration tending to connect him with whatever offense was committed at that time. And this is so even though he does not admit the seductive arts. He does admit that he made advances to her, and that he had his arm about her and kissed her. If this falls short of seductive art, as he contends it does, nevertheless it tends to corroborate her in her evidence that he professed love to her. Without holding, therefore, that it is, or that it is not, necessary that she should be corroborated on this particular issue, we deem it clear that she has some degree of corroboration on this issue in the testimony of the defendant, and the sufficiency of it was for the jury.

2. SEDUCTION: corroboration: degree.

We are clear that the defendant was not entitled to a directed verdict.

Some complaint is directed at one of the stereotyped instructions of the court. It is claimed that its generalizations took a wider scope than the evidence warranted. We are not able to see merit in the point. The judgment below must, accordingly, be affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.