STATE OF IOWA, Appellee, v. ROBERT WOLLERT, Appellant.

**SEDUCTION:** Elements—Evidence. Evidence held to sustain a charge
1  of seduction.

**SEDUCTION:** Elements—Knowledge of Wrongfulness of Act. Re-
2  versible error does not result from denying to an accused the right to cross-examine the prosecutrix as to her knowledge of the wrongfulness of her acts of sexual intercourse with the accused.

**SEDUCTION:** Elements—Falsity of Promise—Instructions. Instruc-
3  tions which once adequately place before the jury all the essential elements of seduction are not rendered erroneous because later instructions refer to "promises, etc.," without reference to their *falseness.*

**TRIAL:** Instructions—Necessity for Request. The effect of testimony
4  which tends to impeach a witness concerning statements alleged to have been made by the witness need not be specifically covered by instructions, in the absence of a request.

Headnote 1:  35 Cyc. p. 1358.  Headnote 2:  17 C. J. p. 333.  Headnote 3:  16 C. J. p. 1050.  Headnote 4:  17 C. J. p. 66.

*Appeal from Pottawattamie District Court.*—EARL PETERS, Judge.

DECEMBER 11, 1924.

REHEARING DENIED APRIL 8, 1925.

THE defendant appeals from a conviction on an indictment charging him with seduction.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *Frank E. Northrop,* County Attorney, for appellee.

STEVENS, J.—I. Appellant was tried and convicted in the court below of the crime of seduction, and appeals. The crime is alleged to have been committed on or about October 10, 1923.

1. SEDUCTION:
   elements: evidence.

The parents of Virginia Neligh, prosecutrix, resided at Grand Island, Nebraska; but a sister, Mrs. Iva Swanson, resided in Council Bluffs. It was at her home that she and appellant became acquainted. Appellant was 20 years of age at the time of the trial, and the prosecutrix 19. Prosecutrix testified that the first act of intercourse took place at the home of her sister, shortly after the middle of July, 1923, and that it was repeated on several occasions thereafter, and that she became pregnant on or about October 10, 1923. The indictment was returned January 4, 1924.

One of the grounds urged for reversal is that the evidence was insufficient to make out the crime charged. Appellant and prosecutrix kept company with each other; and after the latter returned to her home in Grand Island, in July, 1923, and until her return to Council Bluffs, on or about September 20th, many letters passed between them. Prosecutrix testified that appellant professed love and affection for her, talked about marriage,

and hugged and kissed her; and that she reciprocated his affection. The correspondence corroborates the testimony of the prosecutrix on this point, and tends to show that they had formed a strong attachment for each other. The letters are chaste, and make no reference to the alleged illicit relations between them. Appellant denied that he ever had sexual intercourse with the prosecutrix.

The question as to what constitutes seductive arts is largely one of fact, and in this case a careful reading of the record satisfies us that the finding of the jury is sustained by the evidence. There is evidence in the record that appellant promised to marry the prosecutrix, if she got into trouble; but this promise was coupled with protestations of love and affection, and conduct indicating that he was infatuated with her. The question was for the jury; and its finding will not be disturbed upon the ground that the false promises or seductive arts employed might not, in all cases, have been sufficient to overcome the virtue of a previously chaste female. *State v. Rolling,* 190 Iowa 1139; *State v. Epps,* 198 Iowa 580; *State v. Bogue,* 197 Iowa 1321.

Appellant relies in part upon *State v. Valvoda,* 170 Iowa 102, and *State v. Carson,* 185 Iowa 568. These cases are clearly distinguished by the facts from the cases cited supra. It may be proper to say in this connection that the evidence tends to show that appellant is a graduate of a Council Bluffs high school; that he is an industrious, hard-working young man, who by his efforts supports his mother; and that he was never previously in trouble.

II. Counsel for appellant sought to show by the prosecutrix, on cross-examination, that she knew it was wrong for her to have sexual intercourse with him, and that he had never written to her or confessed his love for her after she advised him of her condition. Objections to the questions propounded were sustained by the court. It was, of course, proper for appellant to show, on cross-examination, if he could, that prosecutrix was not of previously chaste character. Want of chastity may be shown by the acts and conduct of the prosecutrix tending to show that fact, and the jury was so instructed. The record does not disclose that the cross-examination was unduly restricted by the court, or

2. SEDUCTION: elements: knowledge of wrongfulness of act.

that appellant was not permitted to elicit testimony tending to show that prosecutrix was previously unchaste. It was, of course, no defense that she knew that it was wrong for her to have sexual intercourse with appellant. Testimony to this effect, even though it may tend to throw light upon her mental attitude at the time of the seduction, could be of little probative value. The record disclosed very little testimony tending in any way to show that prosecutrix was not previously chaste. Therefore, in any event, the ruling was without any substantial prejudice to appellant. The court might well have permitted the witness to answer the other question, as to whether appellant had professed love for her after she informed him of her condition. Prosecutrix testified that the subject of marriage was discussed between them after appellant knew of her condition, and that he told her they would get married. She does not, however, in her testimony in chief, claim that he professed love for her after she told him that she was pregnant; and the subject of marriage was discussed only with reference to her unfortunate condition. The ruling was, in any event, without prejudice.

III. Complaint is made by appellant of the third, fifth, seventh, eighth, and eleventh paragraphs of the court's charge to the jury. The criticism aimed at these instructions is that the

3. SEDUCTION: elements: falsity of promise: instructions.

court repeatedly so referred therein to the "first act of sexual intercourse" as to imply that several acts were committed, and that the assumption embodied in the language of the instructions was calculated to mislead the jury, to the prejudice of appellant; and that the court frequently used the word "promise" or "promises," without preceding the same with the word "false." The instructions are to some extent open to the criticism urged against them; but we are satisfied that, when the charge is read as a whole, the jury could not have been misled by either the alleged assumption or the omission of the court. The jury was plainly told, in both the seventh and the eleventh paragraph of the charge, that it was incumbent upon the State to prove the sexual intercourse beyond a reasonable doubt, and in other paragraphs the jury was instructed that the burden rested upon the State to prove beyond a reasonable doubt that prosecutrix was induced

to submit to the first act of sexual intercourse with appellant by the use of flattery, deceptive arts, false promises of love and affection, or false promises of marriage, which he then and there made, for the purpose of overcoming her virtue. No doubt it would have been better if the words "false promises" had always been used in the instruction.

IV. The court appears to have somewhat sharply admonished a witness who answered a question as to the general reputation of appellant for chastity in a manner indicating a friendly feeling for him. It is urged that the manner of the court, to which exception was taken, was calculated to prejudice the jury against the witness, who was a former teacher of appellant's. We see nothing, however, in the ruling that could have been prejudicial to appellant. The answer was stricken, and the witness then answered the question in the affirmative.

V. Witnesses for the defendant contradict the testimony of prosecutrix as to statements alleged to have been made by her, and appellant now contends that the court erred in not instructing the jury on the subject of impeachment.

4. TRIAL: instructions: necessity for request.

No instruction covering the subject was asked; and the omission, if such it was on the part of the court, presents no ground for reversal. Complaint is also made of the refusal of the court to give certain requested instructions. We shall not set them out. The charge of the court was quite full and complete, and embodied the thought of the requested instructions, so far as they correctly stated the law.

A careful examination of the record satisfies us that appellant had a fair trial, and no ground for reversal is disclosed.—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.